UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN 18 2022
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

| | |
|---|---|
| KENNETH WAYNE LEWIS, ) | |
| ) | |
| ) | Civil Action No. 1:21-cv-03400 (UNA) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* initiating pleading, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, and *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).

Plaintiff, a federal prisoner currently designated to Fort Dix Correctional Institution, has sued the United States, along with several federal agencies, officials, and prosecutors, based on various theories of collusion which he contends resulted in his conviction, sentence, and other wrongdoing. The initiating pleading, construed as a civil complaint, is untitled, rambling, and prolix, and intersperses —without organization, context, or explanation— written personal statements and various exhibits. This pleading is mostly incomprehensible and fails to comply with Federal Rule 10(a)–(b) and D.C. Local Rule 5.1(c)(1), (d), and (e).

Most notably, the pleading fails to meet the minimum pleading standard set forth in Rule 8(a). Rule 8(a) of the Federal Rules of Civil Procedure requires such pleadings to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). A pleading "that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard, and so will a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). The instant pleading falls within this category.

The digressive allegations comprising the complaint fail to provide adequate notice of a claim to defendants or this court. The intended claims and causes of action, if any, are completely undefined. The pleading also fails to set forth allegations with respect to this court's subject matter jurisdiction or venue, the ability to exercise personal jurisdiction over these defendants, or any valid basis for relief.

To the extent that plaintiff may seek to challenge his conviction, he must do so pursuant to 28 U.S.C. § 2255, and such claims must be addressed with the sentencing court. *See Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952); *Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997). Section 2255 provides that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Consequently, plaintiff must file any Section 2255 claims in the United States District Court for the Central District of Illinois, where it appears, per his attached exhibits, he was convicted and sentenced.

For all of these reasons, the court dismisses the complaint without prejudice. An order consistent with this memorandum opinion is issued separately.

Date: January 18, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge